## COMMONWEALTH *vs.* JOHN MURPHY.

After a verdict of guilty on an indictment for murder, judgment will not be arrested because there is no averment in the indictment that the deceased, at the time of the murder, was in the peace of the commonwealth, nor because it appears of record that there was, at the time of the trial, another indictment against the defendant for the same offence, pending in the same court.

AT a special session of this court, held in Taunton on the 13th day of December, 1853, before the chief justice, and Justices *Metcalf* and *Bigelow*, the defendant was tried and found guilty, by the jury, of the murder of his wife, Ellen Murphy, at Fall River, on the 9th of 'April, 1853.

After verdict, the defendant's counsel moved in arrest of judgment for two causes. First, because there was no averment in the indictment that the deceased, at the time of the alleged murder, was "in the peace of the said commonwealth." Second, because as appeared of record, there was, at the time of the trial, another indictment against the defendant for the same offence, pending in the same court.

*N. Morton*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

BY THE COURT. The second ground for the present motion is disposed of by the case of *Commonwealth* v. *Drew*, 3 Cush. 279. It was there decided that the pendency of one indictment is no ground for a plea in abatement to another indictment in the same court for the same cause. *A fortiori*, it is not a ground for arresting judgment.

The first reason assigned for the motion in arrest cannot avail the defendant. It is conceded by his counsel that the omitted averment need not have been proved, if it had been inserted. But he contends that the indictment is fatally defective without the averment. On principle, we have no doubt that the averment, that the party murdered was then and there in the peace of the commonwealth, would have been surplusage, and that the omission of it is wholly immaterial. There is no more reason for inserting it than for inserting the averment that the defendant, " not having the fear of God before

his eyes, but being moved and seduced by the instigation of the devil," committed the murder.   Yet this averment, though formerly inserted in indictments in this commonwealth, has, for several years, been omitted.   And it is not held in England, that the averment of the murdered party's being in the peace of God and of the king or queen is necessary.   On the contrary, it was decided long since, that the omission of this averment is no ground of exception to an indictment for murder.   See *Heyden's case*, 4 Coke, 41 *b*; 2 Hale P. C. 186; 2 Hawk. *c.* 25, § 73; 3 Chit. Crim. Law, 733; Bac. Ab. Indictment, G. 2; 7 Dane Ab. 275.   In 2 Stark. Crim. Pl. (2d ed.) 387–389, there is a form of an indictment for murder by poisoning, in which there is no averment that the deceased was in the peace of God and the king.   *Motion overruled*